1

2

3

4

5

6               **UNITED STATES DISTRICT COURT**

7                      **DISTRICT OF NEVADA**

8   GREAT BASIN RESOURCE WATCH;          )
    WESTERN SHOSHONE DEFENSE             )
9   PROJECT,                             )
                                         )
10           Plaintiffs,                 )          3:13-cv-78-RCJ-VPC
                                         )
11      v.                               )          **ORDER**
                                         )
12  UNITED STATES BUREAU OF LAND         )
    MANAGEMENT; UNITED STATES            )
13  DEPARTMENT OF THE INTERIOR; AMY      )
    LUEDERS, BLM State Director; and     )
14  CHRISTOPHER J. COOK, BLM Mt. Lewis   )
    Field Manager,                       )
15                                       )
             Defendants.                 )
16                                       )
    _____ )
17

18          Currently before the Court are Plaintiffs' Motion for Preliminary Injunction (#5);

19  Plaintiffs' Motion for Order Regarding Scope of Any Hearing on Pending Motion for Preliminary

    Injunction (#22); and Plaintiffs' Motion to Strike the Answer of the Federal Defendants (#36).
20
                                      **DISCUSSION**
21
            On February 15, 2013, Plaintiffs Great Basin Resource Watch and Western Shoshone
22
    Defense Project (collectively "Plaintiffs") filed a complaint for declaratory and injunctive relief
23
    against Defendants U.S. Bureau of Land Management ("BLM"); U.S. Department of the
24
    Interior; Amy Lueders, BLM State Director; and Christopher J. Cook, BLM Mount Lewis Field
25
    Manager (collectively "Defendants"). (Compl. (#1) at 1). Plaintiffs filed the complaint to
26
    challenge the Department of Interior's and BLM's decisions to approve the Mount Hope Project
27
    ("Project" or "Mine"), a large open pit mining project on public lands proposed by Eureka Moly,
28

1   LLC ("EML").[1]  (*Id.* at 2).  Plaintiffs specifically challenged the Record of Decision ("ROD")

2   approving the Mine and related rights-of-way for electrical transmission lines signed by Cook,

3   the Field Manager of the Mount Lewis BLM Field Office, and the corresponding Final

4   Environmental Impact Statement ("FEIS") that BLM prepared for the Mine.  (*Id.*).   Plaintiffs

5   also challenged BLM State Director Lueders' decision to reject Plaintiffs' petition for state

6   director review of the ROD and FEIS.  (*Id.* at 3).

7           On February 20, 2013, Plaintiffs filed a motion for preliminary injunction.  (Mot. for

8   Preliminary Inj. (#5)).  BLM and EML filed responses.  (BLM Opp'n to Mot. for Preliminary Inj.

9   (#25); EML Opp'n to Mot. for Preliminary Inj. (#42)).  Plaintiffs filed a reply.  (Reply to Mot. for

10  Preliminary Inj. (#32)).

11          In July 2013, this Court scheduled oral argument on the three pending motions for

12  September 3, 2013.  (*See* Minute Order (#46)).  On August 20, 2013, the parties filed a Joint

13  Stipulation to Continue Preliminary Injunction Oral Argument.  (Joint Stip. (#47)).  The joint

14  stipulation stated that, as a result of the current economic conditions, all major ground-

15  disturbing construction activities at the Mount Hope Project have ceased.  (*Id.* at 2).  EML

16  anticipates that the earliest that significant ground-disturbing construction will recommence is

17  March 1, 2014.  (*Id.*).  As such, all of the parties agree that oral argument on the Motion for

18  Preliminary Injunction (#5) and Motion for Order Regarding Scope of Any Hearing on Pending

19  Motion for Preliminary Injunction (#22) are not necessary at the present time and "should be

20  continued without date."  (*Id.*).   The parties state that if circumstances change and EML

21  decides to recommence any significant ground-disturbing construction approved under the

22  BLM's ROD, EML will provide at least 60 days' notice to Plaintiffs before recommencing the

23  ground-disturbing work.  (*Id.*).  The parties state that, in the event that EML provides notice of

24  recommencement of work or Plaintiffs believe that the scope of limited activities noted in the

25  stipulation are being exceeded, the parties agree that Plaintiffs may request that this Court set

26

27          [1] On March 12, 2013, EML filed an unopposed motion to intervene.  (Mot. to Intervene
28  (#18)).  On July 11, 2013, the Court granted EML's motion to intervene.  (Minute Order (#41)).

oral argument on the Motion for Preliminary Injunction (#5) and Motion for Order Regarding Scope of Any Hearing on Pending Motion for Preliminary Injunction (#22) at the Court's earliest convenience.  (*Id.* at 2-3).

In light of the joint stipulation, the Court grants the parties' request to vacate the oral argument scheduled for September 3, 2013.  However, the Court denies the Motion for Preliminary Injunction (#5) and Motion for Order Regarding Scope of Any Hearing on Pending Motion for Preliminary Injunction (#22) at this time without prejudice.  Plaintiffs are directed to re-file those motions upon EML's notice of recommencement of work or when Plaintiffs believe the limited scope of activities described in the stipulation are being exceeded.

The Court denies as moot the Motion to Strike the Answer of the Federal Defendants (#36) in light of the joint stipulation stating that Plaintiffs' believe their motion is moot and because Federal Defendants have filed an Amended Answer addressing Plaintiffs' initial concerns.  (Joint Stip. (#47) at 2; Am. Answer (#37); Reply to Mot. to Strike (#40) at 3).

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiffs' Motion for Preliminary Injunction (#5) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Order Regarding Scope of Any Hearing on Pending Motion for Preliminary Injunction (#22) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike the Answer of the Federal Defendants (#36) is DENIED as MOOT.

Dated this 22nd day of August, 2013.

_____
United States District Judge