UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| GREAT BASIN RESOURCE WATCH; WESTERN SHOSHONE DEFENSE PROJECT,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; AMY LUEDERS, BLM State Director, and CHRISTOPHER J. COOK, BLM Mt. Lewis Field Manager,<br><br>Defendants. | 3:13-cv-00078-RCJ-VPC<br><br>**ORDER** |

    The Government moves the Court to reconsider its May 17, 2013 order denying a motion to permit Mr. Dunsmore and Ms. Storey, two out-of-state Government lawyers, to appear in this case (ECF No. 54). The motion is denied without prejudice, and the United States Attorney for the District of Nevada, Mr. Dunsmore, and Ms. Storey are ordered to appear for oral argument on July 15, 2014 at 1:30 p.m. to explain their respective positions on the issues and conditions raised herein.

**I.    LEGAL STANDARD**

    A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas*

*v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

While Rule 59(e) and Rule 60(b) permit a district court to reconsider and amend previous orders, this is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., *Moore's Federal Practice* § 59.30(4) (3d ed. 2000)) (internal quotation marks omitted).

Indeed, a district court should not grant a motion for reconsideration "absent highly unusual circumstances, unless the court (1) is presented with newly discovered evidence, (2) committed clear error, or (3) if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enter.*, 229 F.3d at 890. Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for reconsideration. *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Furthermore, "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

**II.     ANALYSIS**

In the Order denying the motion to permit appearances, the Court explained:

> Nevada Local Rule IA 10-3 provides that: "*Unless otherwise ordered by the Court*, any nonresident attorney who is a member in good standing of the highest court of any state, commonwealth, territory or the District of Columbia, who is employed by the United States as an attorney and, while being so employed, has occasion to appear in this Court on behalf of the United States, shall, upon motion of the United States Attorney or the Federal Public Defender for this District or one of the assistants, be permitted to practice before this Court during the period of such employment." Nev. Loc. R. IA 10-3 (emphasis added).
>
> The Court denies the motion to permit appearance at this time. Before the Court will permit Mr. Dunsmore and Ms. Storey to practice before this Court, the Court requires a showing that the Nevada admitted Assistant United States Attorneys in our judicial district are incapable of handling this matter.

(Order, ECF No. 33, at 1–2). The Government now contends that the Court committed clear error by, among other things, "infring[ing] on the Attorney General's statutory authority to determine to whom litigation under his supervision will be assigned." (Mot. Recons., ECF No. 54, at 5). The Government is incorrect.

At bottom, the Government appears to assert two instances of clear error: First, it contends that "[a] court denying an application to appear 'must articulate [its] reasons, for the benefit of the defendant and the reviewing court. [M]echanistic application of rules limiting such appearances is improper.'" (*Id.* at 4 (quoting *United States v. Ries*, 100 F.3d 1469, 1472 (9th Cir. 1996))). However, because the Government has conspicuously failed to do so, the Court must highlight the critical difference between *Ries* and the instant matter: *Ries* involved a criminal defendant's Sixth Amendment right to counsel of his choice, which "includes the right to have an out-of-state lawyer admitted *pro hac vice*." 100 F.3d at 1471. There is, of course, no such Sixth Amendment protection in this or any other civil case. U.S. Const., Amdt. 6; *Turner v. Rogers*, 131 S.Ct. 2507, 2516 (2011) ("[T]he Sixth Amendment does not govern civil cases.").

Therefore, *Ries* is entirely inapplicable,[1] and the Court did not commit clear error when it "declined to articulate its reasons for denying the motion to appear." Nonetheless, for the Government's benefit, the Court will articulate its reasons in the analysis below.

Second, the Government contends that the Court's order infringes on the Attorney General's authority, under 28 U.S.C. §§ 515–518, to "send any officer of the Department of Justice (or such officer's designee) to conduct and argue any case in which the United States has an interest in *any* court of the United States." (Mot. Recons., ECF No. 54, at 5 (citing 28 U.S.C. §§ 517, 518(b)) (emphasis added)). However, these statutes simply empower the Attorney General to direct attorneys to represent the United States in any case in court. They do not grant such attorneys unfettered admission to practice before *any* court. In fact, and contrary to the Government's representation, the phrase "any court" does not appear in the cited statutes. More importantly, the conspicuous inclusion of the word "any" immediately before the word "case," coupled with the absence of such language proceeding the word "court," *see* 28 U.S.C. § 518, signals that the drafters recognized what is obvious: A grant of representative authority is not synonymous with mandated, unconditional court admission, and it is for this Court, and not Congress, to determine which attorneys may properly appear before it, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("Prior cases have outlined the scope of the inherent power of the federal courts. For example, the Court has held that a federal court has the power to control admission to its bar and to discipline attorneys who appear before it. While this power 'ought to

---

[1] The Government's unexplained reliance on *Ries*, in the instant motion, signals one of two things: Counsel either (1) quoted from a three-page opinion without reading any other portion of it, or (2) recognized that the quoted language was inapplicable but nonetheless decided to present it to this Court, without further explanation, as the governing rule. In either case, the unexplained *Ries* quotation only reinforces the Court's decision to require a showing of willingness to "abide by the ethical standards of this Court and the State Bar of Nevada by not filing frivolous and time-wasting motions." *See infra* page 7.

be exercised with great caution,' it is nevertheless 'incidental to all Courts.'" (quoting *Ex parte Burr*, 22 U.S. 529, 531 (1824) (internal citations omitted))); *In re Snyder*, 472 U.S. 634, 645 n.6 (1985) ("Federal courts admit and suspend attorneys as an exercise of their inherent power."); *Gallo v. U.S. Dist. Ct. for the Dist. of Ariz.*, 349 F.3d 1169, 1185 (9th Cir. 2003) ("[T]he decision to grant *pro hac vice* status is discretionary."). Furthermore, taking the Government's argument to its logical terminus, Congress could require this Court to permit anyone, including nonlawyers, to practice before it. This, of course, is plainly incorrect. *See Chambers*, 501 U.S. at 43 (1991).

The Government's reliance on the Attorney General's authority to direct litigation is unavailing. It cannot be seriously maintained that the cited statutes prevent this Court from exercising its inherent authority to determine that an out-of-state, unadmitted lawyer may not properly appear before it. Any ruling to the contrary would reduce the longstanding admission process for out-of-state government lawyers to an empty formality that demands rubberstamp approval. This Court declines to adopt such a rule. Instead, and in a cautious exercise of its authority to permit the appearance of unadmitted Government lawyers, the Court will require evidence of both necessity and a willingness to abide by the ethical rules that govern all other attorneys admitted to practice in the District of Nevada.

The local United States Attorney, Mr. Daniel G. Bogden, serves under an Attorney General who, under the guise of prosecutorial discretion, selectively enforces laws to further political objectives that ought to be left to the legislature. There is simply no presumption that his subordinates are above ethical reproach. Indeed, in recent cases, judges on the Ninth Circuit Court of Appeals have shown no inhibition in rebuking U.S. Attorneys and other prosecutors for dereliction of duty, exceeding authority, unprofessionalism, and other misconduct. *See, e.g.*,

*United States v. Olsen*, 737 F.3d 625 (9th Cir. 2013) (Kozinski, C.J., joined by Pregerson, Reinhardt, Thomas, and Waterford, JJ., dissenting from denial of rehearing en banc) ("I wish I could say that the prosecutor's unprofessionalism here is the exception, that his propensity for shortcuts and indifference to his ethical and legal responsibilities is a rare blemish and source of embarrassment to an otherwise diligent and scrupulous corps of attorneys staffing prosecutors' offices across the country. But it wouldn't be true.") (citing *Smith v. Cain*, ––– U.S. –––, 132 S.Ct. 627 (2012); *United States v. Sedaghaty*, 728 F.3d 885 (9th Cir. 2013); *Aguilar v. Woodford*, 725 F.3d 970 (9th Cir. 2013); *United States v. Kohring*, 637 F.3d 895 (9th Cir. 2010); *Simmons v. Beard*, 590 F.3d 223 (3d Cir. 2009); *Douglas v. Workman*, 560 F.3d 1156 (10th Cir. 2009); *Harris v. Lafler*, 553 F.3d 1028 (6th Cir. 2009); *United States v. Zomber*, 299 Fed. Appx. 130 (3d Cir. 2008); *United States v. Triumph Capital Grp., Inc.*, 544 F.3d 149 (2d Cir. 2008); *United States v. Aviles-Colon*, 536 F.3d 1 (1st Cir. 2008); *Horton v. Mayle*, 408 F.3d 570 (9th Cir. 2004); *United States v. Sipe*, 388 F.3d 471 (5th Cir. 2004); *Monroe v. Angelone*, 323 F.3d 286 (4th Cir. 2003); *United States v. Lyons*, 352 F. Supp. 2d 1231 (M.D. Fla. 2004); *Watkins v. Miller*, 92 F. Supp. 2d 824 (S.D. Ind. 2000); *United States v. Dollar*, 25 F. Supp. 2d 1320 (N.D. Ala. 1998); *People v. Uribe*, 76 Cal. Rptr. 3d 829 (Cal. Ct. App. 2008); *Miller v. United States*, 14 A.3d 1094 (D.C. 2011); *Deren v. State*, 15 So. 3d 723 (Fla. Dist. Ct. App. 2009); *Walker v. Johnson*, 646 S.E.2d 44 (Ga. 2007); *Aguilera v. State*, 807 N.W.2d 249 (Iowa 2011); *DeSimone v. State*, 803 N.W.2d 97 (Iowa 2011); *Commonwealth v. Bussell*, 226 S.W.3d 96 (Ky. 2007); *State ex rel. Engel v. Dormire*, 304 S.W.3d 120 (Mo. 2010); *Duley v. State*, 304 S.W.3d 158 (Mo. Ct. App. 2009); *People v. Garrett*, 964 N.Y.S.2d 652 (N.Y. App. Div. 2013); *Pena v. State*, 353 S.W.3d 797 (Tex. Crim. App. 2011); *In re Stenson*, 276 P.3d 286 (Wash. 2012); *State v. Youngblood*, 650 S.E.2d 119 (W. Va. 2007)); *United States v. Lopez-Avila*, 678 F.3d 955, 957

(9th Cir. 2012) (Bea, J.) ("When a prosecutor steps over the boundaries of proper conduct and into unethical territory, the government has a duty to own up to it and to give assurances that it will not happen again. Yet, we cannot find a single hint of appreciation of the seriousness of the misconduct within the pages of the government's brief on appeal. Instead, the government attempts to shift blame . . . ."); *United States v. Chapman*, 524 F.3d 1073, 1088 (9th Cir. 2008) (Wardlaw, J.) ("The government attorneys who appeared in the original AUSA's stead on the critical day of the hearing . . . told the trial court that they 'took this matter extremely seriously' and conceded that the government made a 'very serious mistake in terms of [its] discovery obligations.' Before us, however, these same attorneys have attempted to minimize the extent of the prosecutorial misconduct, completely disregarding the AUSA's repeated misrepresentations to the court and the failure to obtain and prepare many of the critical documents until *after* the trial was underway . . . . The government's tactics on appeal only reinforce our conclusion that it still has failed to grasp the severity of the prosecutorial misconduct involved here, as well as the importance of its constitutionally imposed discovery obligations." (emphasis in original)); Oral Arg., *United States v. Maloney*, No. 11-50311, (9th Cir. Sep. 19, 2013) (en banc), *available at* http://tinyurl.com/mqeahoy (Kozinski, C.J., at 43:13, 53:00, 58:00, 59:00, asking "what do you teach your young lawyers" and instructing counsel to use the video of the en banc argument as a training tool to reinforce ethical rules, which counsel apparently did before confessing error and moving to reverse the underlying conviction, *see United States v. Maloney*, No. 11-50311, 2014 WL 801450, at *1 (9th Cir. Feb. 28, 2014)) (Pregerson, J., at 44:00–44:45, "The trouble is, with your people, they go overboard, and do you know why they go overboard? because they've got too much power today."). These much-deserved criticisms only confirm this Court's reluctance to permit unnecessary, unadmitted government lawyers to appear.

7

Accordingly, the Court seeks clarification and will order Mr. Bogden, Mr. Dunsmore, and Ms. Storey to appear and explain their respective positions. The Court infers from the instant motion that Mr. Bogden is unwilling to affirmatively represent that his office lacks the manpower and expertise to litigate this case without the assistance of out-of-state counsel, and that he will instead rely on the Attorney General's (nonexistent) right to require this Court to admit out-of-state lawyers. The Court likewise presumes that the out-of-state lawyers are unwilling to obey the ethical strictures that govern all other attorneys, including opposing counsel, admitted to practice before this Court. Therefore, the Court will entertain a renewed motion for leave to appear only after: (1) Mr. Bogden affirmatively represents, at oral argument, that he is unable to effectively litigate this case without the assistance of out-of-state counsel; and (2) Mr. Dunsmore and Ms. Storey affirmatively represent, at oral argument, that they will abide by the ethical standards of this Court and the State Bar of Nevada by, among other things, not filing frivolous and time-wasting motions. As the Court has previously reminded Mr. Bogden, both in open court and in private conference, it is willing to grant *pro hac vice* status to out-of-state Government lawyers only after compliance with these two requirements.

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the motion to reconsider (ECF No. 54) is DENIED without prejudice.

IT IS FURTHER ORDERED that Mr. Bogden, Mr. Dunsmore, and Ms. Storey shall appear before this Court at 09:00 a.m. on Friday, August 15, 2014, in Reno Courtroom 6, to explain their respective positions on the points and conditions raised herein.

IT IS SO ORDERED.

Dated: July 23, 2014    _____.

_____
ROBERT C. JONES
United States District Judge